Good morning. May it please the Court, my name is Hillary Potashner and I am here on behalf of Timothy Murphy. With the Court's permission, I'd like to preserve two minutes. I would like to start with the issue of the Investment Advisor Enhancement. In this case, the government bore the burden to prove the Investment Advisor Enhancement was appropriate. The Investment Advisor Enhancement has two elements. One element is that the person is an investment advisor and the other is that there was a violation of securities law. In this case, Mr. Murphy challenged the application of that enhancement and the government in response proved up that Mr. Murphy was an investment advisor. However, the government provided absolutely no evidence as to the second element of that enhancement. The government failed to prove that there was a security... Did you challenge that element? Your Honor, we challenged the application of the enhancement, but not on... I know. Did you challenge it on those grounds? Not on those grounds, Your Honor. And so what do we do with that? Put you into plain error land? I don't think so, Your Honor. With all due respect, because we challenged in district court, the government was on notice that the government needed to prove up this is a violation of securities law here that could have been charged? If you're running a Ponzi scheme, it doesn't seem like it's a big leap to say, gee, this is a violation of securities laws when you're an investment advisor. I understand that, Your Honor, and I believe that the government is arguing in its briefing that there was a securities law violation, but my position is that it is too late. In this case, the government is now asking the court to make fact findings, this court to make fact findings. This is not the forum for that. The government should have presented the evidence and presented the argument in district court. Help me out a little bit as to how would you dispute that there's a violation of securities laws given what he's convicted of having done? Your Honor, there, if this court were to engage in fact finding, then the government has strung together a good argument that there's a securities law violation. Give me your proffer. In terms of why there's no securities law? Yes, please. Your Honor, at this point, I'm stuck with the record as it was created in district court. Had the government argued that there was a securities law violation, perhaps there would have been additional evidence proffered in district court to rebut that. And the district court could have fully reviewed all of the evidence, but the government, the district court wasn't given the opportunity to do that because the government failed to provide any evidence in this element. And so the government, because the government failed to provide any evidence, we weren't discussing it in district court. It's the We're kind of running around in circles here and it's a hard circle to break out of, but you know, the government, the government didn't think that it was being challenged on that point. The district court doesn't enter any findings and you didn't object. So that's why I'm asking whether this is a, this isn't a plain error problem for us. I understand the question. It feels like you're sort of lying in wait to see whether the government came and proved up and then, and then come to the court of appeals and say, aha, they failed here. You didn't raise the aha moment before the district court. But we did, Your Honor, because when we objected to the application of that enhancement, the government was on notice. It is a very simple enhancement, Your Honor. But not on that point. You did as to A, but you didn't as to B. You did on the investment advisor, but not on the securities violation. And you didn't even tell the district court that there was a failure because they had failed to prove the securities violation. It's not until you got to us that you decided to raise the trap for the government because nobody realized that you were challenging the enhancement on that basis. I understand that the argument has shifted. However, the government was on notice that we were challenging the application of that enhancement. And at that point, it was the government's responsibility to look at the guidelines, see what the government needed to prove, and to marshal the evidence in district court to prove both of those elements. It's not the responsibility of the district court to hand the specific issues over to the government. The government bears the burden. It is a very simple enhancement, and the government just elected not to address half of the But you didn't even tell the district court that it shouldn't issue the investment, the advisor enhancement, because the government had failed to prove a securities violation. The district court didn't even get the benefit of this argument. You tripped up the district court as well. But you didn't figure it out until you got here. That's the problem. I understand, Your Honor. And I don't want to run the court around in circles. I do believe that we shouldn't be looking at this issue in terms of plain error. I believe that we should be looking at the issue in terms of the issue being preserved. However, if this court were to look at this issue under the plain error standard, I believe that that standard has been met. Why isn't this harmless error? Let's assume that you're right. I mean, from my review of the record, it looks to be like all of those areas were ticked off. Your Honor. Rather extensively. I understand. I do not believe that it's harmless error, because the guidelines, based on the erroneous application of this enhancement, the guidelines were enhanced by four levels. One, the starting point of this sentencing was a overinflated guidelines number, which was 97 to 121 months. We know that the court considered the guidelines in this case and spent a substantial amount of time evaluating and making findings regarding the guidelines, not with this particular enhancement, but with the rest of the guidelines. So we know the guidelines mattered to the district court. We also know Didn't reach it for the reasons that Judge Bybee has suggested. It wasn't raised. The court did not address this specific argument. That is correct. However, the government bore the burden, and I don't want to go back to that, but it's my position that it was on the government to make the proper record and to present it to the court in the proper fashion. But in terms of the harmless error issue, when we start with a guidelines that's inflated by four levels and the ultimate sentence being the low end of the guidelines, we can see that the guidelines mattered in this case, and that is why it was not harmless error, because the misapplication of those four levels caused the analysis to start rather than with a low end of 63 months, a low end of 97 months. Now, if we were to agree with you, what would happen, I think, is we would remand to the district court for resentencing. You would make the objection you're now making in front of us that you didn't really make for the district judge. If the government is going to come in with proof of violation of securities laws, you're going to lose. Well, Your Honor, I'm asking this court to remand in a limited fashion. I'm asking this court to On a closed record? Yes, Your Honor, I am. And this is why, Your Honor, because we objected to this enhancement, and upon the objection, the ball was in the government's court, and it was up to the government to approve it. The government had the opportunity. The district court gave the government sufficient time in order to prove each and every guideline that it wanted to prove. I wasn't trying to entrap you with my question, but your request that it be a closed record is, in practical consequence, a confession that this is harmless error, because there was a securities violation, and you know darn well there was, and you don't want the government to have a chance to prove it now. Your Honor, in terms of the, and I recognize I'm in my territory of under two minutes, so I'll try to be brief. In terms of the harmless error, I think that the analysis is not, frankly, whether or not there is securities law violation. I think the issue is whether or not, based on the record that the government made, whether there was a guideline miscalculation. And based on the record and based on what was put forward by the government, the district court began its sentencing with an error in the guidelines calculation that was inflated by four levels. And that is why I believe that this is not harmless error. Let's hear from the government, and you've saved a minute. Thank you, Your Honor. Your Honor, good morning. Rob Keenan for the government. The standard of review here is plain error under the WAC-9 case or WACANINI. Do you agree that, with the proposition that all things being equal, the district court should have made findings on the securities law issue? Ideally, yes. It's an element of the investment advisor enhancement. It should have been mentioned by the probation office in the pre-sentence report. I didn't notice it. Therefore, I did not cite a specific code section that was a securities law that was violated by the defendant's offense conduct. So was the question raised at all in any pleading by any party or? Not at all. There were two objections made to the investment advisor enhancement made by the defense. Neither, but this particular error, this failure, was not raised, was not presented to the district court. And that's why, under Rule 52B, the standard of review must be plain error, because the specific error cited on appeal wasn't cited to the district court, wasn't brought to its attention. The two cases cited in the reply brief, the LeBron case and the Piaris-Gallon case, are inapplicable. The Supreme Court's case in LeBron doesn't even address the issue of the standard of review. It simply addresses the general question about whether or not an argument not made in prior proceedings could be considered, not what the standard of review for that argument would be. The Piaris-Gallon case is factually distinguishable because, according to this court, the defendant in that case actually raised the very argument they were raising on appeal. So the case law regarding the standard of review cited by the defense simply doesn't support that claim for a higher standard of review. As to the investment advisor enhancement, the record actually does support, even though we weren't, the government was not asked and was not prompted by the defense arguments below. And the district court was not prompted to make any findings regarding the fact that the offense conduct involved a violation of securities law. The fact remains that the record does support the fact that the offense conduct did violate the securities law. So we cited two statutes and a regulatory provision, 10b-5, which shows that that's true. And we went through in our answering brief in fair detail explaining why those, why the offense conduct did qualify as a securities law violation. And the reply brief on that point is somewhat striking and similar to the argument here today because the defense has no argument for why the record before this court is insufficient to establish that the offense conduct constituted a securities law violation. It's the argument in the reply brief and today is simply that it's too late for the government to make the argument. And that entirely reverses the burden of proof. Certainly under plain error review, it's the defendant's burden to cite the error, to explain why there was an error and why it was clear and obvious. And on this record, well, they don't even engage the argument. The defense doesn't even attempt to make the argument that our review of the record in our answering brief fails to show that the, that second element of the investment advisor enhancement was triggered or satisfied, rather. So the, it's the defendant's burden to show an error and the defense has failed to do so. There is no harmless error here as well because as part of the district court's 3553A analysis, it specifically rejected lower arguments that were recommended by the defense as well as the probation office. It rejected the 41-month sentence requested by the defense. It rejected the probation office's recommendation of an 87-month sentence. On the, on the ground that those sentences were too low to satisfy the, all of the sentencing objectives under 3553A. It didn't provide an adequate deterrence. It didn't provide sufficient just punishment. It didn't reflect the seriousness of the offense. All of those things that were cited by the district court in this case. In the district court, the record in this case is, I think, quite remarkable. The district judge here spent three days of evidentiary hearings and argument to reach the sentence in this case. Not to mention multiple, I think, four or five status conferences to make sure everybody was moving along getting records that the district court wanted from the defendant's bank and financial records regarding the defendant's accounts. So, spent a great deal of time and, and made all of the findings required under 3553A and Booker. So, there is, there was no procedural error. It is true that the district judge in making its findings did not make express reference to Kimbrough. However, the record's clear that, that it's, the district court was mindful of its discretion under both Booker and Kimbrough. It said specifically, understood the guidelines were advisory, not binding on the court, and that the, and again, when addressing the specific recommendations for a lower sentence, it, it found that there was, that those sentences were inadequate. And that reflects, tacitly indicates that the district court was in full agreement with the, with the sentencing commission as to what this kind of an offense should dial up in terms of a sentence. So, for those reasons, and lastly, I guess I would just say as to Section 2B1.1, the 2002 amendments to the guidelines should, are entitled to respect, not derision. And there, there's a lot of criticism in the defense paperwork about the fraud guideline and the amendments in 2002. But the fact of the matter is, Congress passed those, directed the sentencing commission to amend the fraud guideline here. Because the prior version of the guideline didn't address the, didn't provide adequate sentences in cases of this sort, where people were stealing vast sums of money and getting, in the views of Congress and the public, slaps on the wrist. And so, there's nothing inappropriate about the guideline here, and the, the ultimate sentence is reasonable. Thank you very much, unless the court has any other questions. I think not. Thank you. You've saved a minute. Thank you. In terms of Polaris Galan, that case is actually applicable to this case, because in that case, there was an objection to an, the finding of an aggravated felony. That case was remanded and on a, on a limited record. And in that case, like this case, the objection was made, but the argument, the underlying argument shifted. That's what's happening here. And so, like in Polaris Galan, the, although the argument is shifting, the government was on notice and had the opportunity to fully litigate whether or not this enhancement applied in district court and failed to. So, that is why we're requesting a limited remand. In terms of the government explaining in great detail in its briefing before this court why there were securities law violations, that's exactly the problem here. That briefing was appropriate and should have been made in district court. The government failed to do so in district court. That's where it should have happened. And the court should not, at this point, accept the government's proffer to make factual findings as to whether or not there was a securities law violation. Okay. Thank you very much. Thank both sides for their arguments. United States v. Murphy now submitted for decision.
judges: Ezra, Fletcher, Bybee